UNITED STATES of America, Plaintiff,

v.

**Gregory STOREY, Defendant.**

**No. 96–40018–01–DES.**

United States District Court,
D. Kansas.

June 4, 1996.

Charles M. Rogers, Wyrsch, Atwell, Mirakian, Lee & Hobbs, Kansas City, MO, Thomas J. Bath, Jr., Bryan Cave LLP, Overland Park, KS, for defendant.

Thomas G. Luedke, Office of United States Attorney, Topeka, KS, for the U.S.

### MEMORANDUM AND ORDER

SAFFELS, Senior District Judge.

This matter is before the court on the defendant's Motion for Continuance (Doc. 21) and Motion for Waiver of Speedy Trial (Doc. 30).

## I. BACKGROUND

On March 14, 1996, a grand jury returned a three-count indictment against Gregory Storey. Count 1 charges that the defendant, with premeditation and malice aforethought, did unlawfully kill Charles Leger, in violation of 18 U.S.C. § 1111. Count 2 charges that the defendant, while unlawfully and knowingly in possession of a dangerous weapon within the confines of a federal facility, did intentionally and unlawfully kill Charles Leger, in violation of 18 U.S.C. § 930(c). The government has advised the court that it intends to seek the death penalty in this case. On April 4, 1996, pursuant to 18 U.S.C. § 3005 governing counsel in capital cases, the Magistrate Judge appointed two counsel to represent the defendant: Charles Rogers and Tom Bath.

Mr. Storey's pretrial motions were due June 3, and a hearing on the motions is set for July 1. On May 2, 1996, the defendant filed a motion to continue the due date for his motions until September 13, 1996. On May 23, 1996, the defendant filed a motion to waive his rights under the Speedy Trial Act, 18 U.S.C. §§ 3161–3174.

## II. DISCUSSION

18 U.S.C. § 1361(c)(1) provides as follows: [T]he trial of a defendant charged in an information or indictment with the commission of an offense shall commence within seventy days from the filing date (and making public) of the information or indictment, or from the date the defendant has appeared before a judicial officer of the court in which such charge is pending, whichever date last occurs.

Mr. Storey represents that his counsel have advised him of his right pursuant to § 3161(c)(1). The defendant submits, however, that it would be in his best interest to waive his right to a speedy trial, and that a continuance of the due date for his pretrial motions is necessary in the best interests of justice.

The legislative history of the Speedy Trial Act indicates, however, that the defendant cannot waive his right to a speedy trial so as to completely suspend the operation of the Act. *United States v. Pringle,* 751 F.2d 419, 433 (1st Cir.1984). In its 1979 report, the Senate Committee expressed its desire,

> to state, in the strongest possible terms, that any construction which holds that any of the provisions of the Speedy Trial Act is waivable by the defendant, other than his statutorily-conferred right to move for dismissal ..., is contrary to legislative intent and subversive of its primary objective: protection of the societal interest in speedy disposition of criminal cases by preventing undue delay in bringing such cases to trial.

S.Rep. No. 212, 96th Cong., 1st Sess. 28–29 (1979), *reprinted in* A. Partridge, *Legislative History of Title I of the Speedy Trial Act of 1974* 182 (Federal Judicial Ctr.1980). The Act therefore imposes upon the court the obligation to reject a defendant's offer to waive his right to a speedy trial. *Pringle,* 751 F.2d at 434. *See also United States v. Saltzman,* 984 F.2d 1087, 1091 (10th Cir. 1993), *cert. denied,* 508 U.S. 964, 113 S.Ct. 2940, 124 L.Ed.2d 689 (1993) (defendant cannot unilaterally waive provisions of the Speedy Trial Act because it would compromise the public interest in speedy justice); Committee on the Admin. of the Criminal Law of the Judicial Conference of the U.S., *Guidelines to the Administration of the Speedy Trial Act of 1974, as Amended* 63 (1984) ("It would be inconsistent with the statutory scheme to permit a defendant, through a purported 'waiver,' to relieve the court" of its duty to determine that the importance of extending a deadline "outweigh[s] the interests of both the public and the defendant in prompt disposition.").

While the court cannot grant Mr. Storey's Motion to Waive Speedy Trial, the court finds that a continuance is necessary to

allow the defendant adequate time to file appropriate pretrial motions. Given the nature of the charges against the defendant and the penalty which he faces, the case is too complex to expect adequate preparation for pretrial proceedings within the time limits established by § 3161(c)(1). *See* 18 U.S.C. § 3161(h)(8)(B)(ii). "[T]he ends of justice served by the granting of [the defendant's Motion for Continuance] outweigh the best interests of the public and the defendant in a speedy trial." 18 U.S.C. § 3161(h)(8)(A).

**IT IS THEREFORE BY THE COURT ORDERED** that the defendant's Motion for Continuance (Doc. 21) is granted. Pretrial motions are due **August 26, 1996,** responses thereto are due **September 9, 1996,** and the hearing on the motions is continued until **September 23, 1996, at 9 a.m.** The period of delay resulting from this continuance shall be excludable pursuant to 18 U.S.C. § 3161(h)(8)(A).

**IT IS FURTHER ORDERED** that the defendant's Motion for Waiver of Speedy Trial (Doc. 30) is denied.