**UNITED STATES of America,**

v.

**Angel BERNACETT COSME,**
**Defendant.**

**Crim. No. 99–346(HL).**

United States District Court,
D. Puerto Rico.

Jan. 22, 2001.

---

Jacabed Rodriguez–Coss, Miguel A. Pereira, U.S. Attorneys, Mark Irish, Asst. U.S. Attorney, U.S. Attorney's Office, District of P.R., Criminal Division, Hato Rey, PR, for United States.

Cristina Gutierrez, Baltimore, MD, Anita Hill–Adames, San Juan, PR, for defendant.

1. Docket no. 10.

2. Docket no. 14.

3. Docket no. 17.

## ORDER

LAFFITTE, Chief District Judge.

Before the Court is a motion by Defendant Angel Bernacett Cosme ("Bernacett") requesting a review of his detention order. The four-count indictment charges Bernacett with committing a carjack murder in violation of 18 U.S.C. §§ 924 and 2119. In his motion, Bernacett also claims that the time taken to prosecute this case against him violates the Speedy Trial Act ("STA"), 18 U.S.C. §§ 3161—3171. In the present order, the Court grants Bernacett's motion for a hearing on his detention and addresses his STA concerns.

*Speedy Trial Act*

The indictment in this case was filed on November 22, 1999.[1] The Court issued a scheduling order on December 6, 1999, in which it set the case for trial on February 7, 2000.[2] On December 10, 1999, Bernacett moved for the appointment of learned counsel on the grounds that the Government planned to seek the death penalty.[3] On January 14, 2000, the Court appointed Attorney Christina Gutierrez as learned counsel for this case.[4] Because this was a potential death penalty case, the Court continued the original jury trial date *sine die*. On February 1, 2000, the Court issued an order finding that because this was a death penalty case, it was unreasonable to expect adequate preparation for the trial within the limits of the STA. The Court concluded that the ends of justice outweighed the best interests of the public and the defendant in a speedy trial and ordered the exclusion of all time until the setting of a trial, with the proviso that the excluded time could be further extended by subsequently filed motions.[5] Bernacett did not object to this order. Pursuant to a status conference held on March 2, 2000, the Court ruled that once the Government decided whether to seek the death penalty,

4. Docket no. 19.

5. Docket no. 25.

a new trial date would be set.[6] The Court was not advised that the Government had decided not to seek the death penalty until Bernacett filed the motion which is presently before the Court.

■ The STA is intended to protect a criminal defendant's constitutional right to a speedy trial and to promote the public interest in ensuring the prompt resolution of criminal proceedings. *United States v. Santiago–Becerril,* 130 F.3d 11, 15 (1st Cir.1997) (quoting *United States v. Saltzman,* 984 F.2d 1087, 1090 (10th Cir.1993)). Under the STA, the Government must bring a defendant to trial within seventy days of the filing of the indictment. 18 U.S.C. § 3161(c)(I). This time period is subject to tolling provisions. *See id.* § 3161(h). Under one of these provisions, time may be excluded if the court finds that the ends of justice outweigh the best interest of the public and the defendant in a speedy trial. *Id.* § 3161(h)(8)(A). One of the factors which a court may consider in making an ends of justice determination is whether the case is so unusual or complex that it would be unreasonable to expect adequate preparation for pretrial proceedings or the trial itself within the STA's time limits. *Id.* § 3161(h)(8)(B)(ii).

■ In the present case, Bernacett appears to be claiming that the STA has been violated by the delay from the time of the Court's February 1, 2000, order to the present. The effect of that order, combined with the Court's ruling of March 2, 2000, was to delay the case pending the resolution of whether the Government would seek the death penalty. Such an open-ended delay continuing a case until it is ready for a trial setting is excludable time under the STA, provided the ends of justice are served. *Cf. Santiago–Becerril,* 130 F.3d at 16–17.

The Court found in its February 1, 2000, order that because this was a death penalty case, it was unreasonable to expect adequate preparation for the trial within the

STA's time limits. The discovery in this case has included psychological testing of Bernacett and DNA analysis of hair and blood samples. These complicated pretrial investigations, combined with the Government's potentially seeking the death penalty, have made this case a complex one for which the normal seventy-day period would not provide time for adequate preparation. *See also United States v. Reavis,* 48 F.3d 763, 771 (4th Cir.1995) (Delay pursuant to section 3161(h)(8)(B)(ii) was warranted in a complex case where there was a possibility of prosecution under a seldom-used death penalty statute); *United States v. Storey,* 927 F.Supp. 414, 415–16 (D.Kan.1996).

■ Based on the possibility of this being a death penalty case, the Court issued its order stopping the STA clock. The Court was first notified that this was no longer a death penalty case when Bernacett stated in his present motion that at some unspecified date the Government had decided against seeking the death penalty. Bernacett should have informed the Court of this change as soon as it happened. *Cf. United States v. Barnes,* 159 F.3d 4, 14 (1st Cir.1998) (Holding that, although a defendant may not waive his right to a speedy trial, neither may he lull the court and the Government into a false sense of security only to later turn around and use the case's leisurely pace, for which he was in part responsible, as a grounds for dismissal). Accordingly, the Court finds Bernacett's claim of a STA violation to be unavailing. Furthermore, the Court treats Bernacett's motion as one impliedly requesting that the Court set this case for trial. *See Santiago–Becerril,* 130 F.3d at 17. On this same date, the Court is issuing a new scheduling order doing just that.

*Review of detention order*

In his motion Bernacett requests a hearing on his detention order. The Court

6. Docket no. 30.

grants this request. A hearing shall be held on **February 12, 2001**, at 2:45 p.m.

WHEREFORE, the Court grants Bernacett's motion (docket no. 42) as to his request for a hearing. To the extent Bernacett moves for dismissal under the STA, the Court denies any such request.

**IT IS SO ORDERED.**